| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: <u>     Western     </u> District of <u>**Pennsylvania**</u><br>(State) | |
| Case number (*If known*): _____ **Chapter 11** | ☐ Check if this is an amended filing |

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

---

**1. Debtor's name**

**Corporate Air, LLC**

---

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

---

**3. Debtor's federal Employer Identification Number** (EIN)

<u>25-1844224</u>

---

**4. Debtor's address**

**Principal place of business**

<u>**15 Allegheny County Airport**</u>
Number     Street

_____

<u>**West Mifflin**</u>     <u>**PA**</u>     <u>**15122**</u>
City                  State     ZIP Code

<u>**Allegheny**</u>
County

**Mailing address, if different from principal place of business**

_____
Number     Street

_____
P.O. Box

_____
City                  State     ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number     Street

_____

_____
City                  State     ZIP Code

---

**5. Debtor's website** (URL)

_____

| Debtor | **Corporate Air, LLC** | Case number (*if known*)_____ |
|---|---|---|
| | Name | |

6. **Type of debtor**

   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☑ None of the above

   B. *Check all that apply:*

   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   __4__ __8__ __1__ __1__ (Support Activities for Air Transportation)

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ☑ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☑ No
   ☐ Yes. District _____ When _____ Case number _____
                                     MM / DD / YYYY
              District _____ When _____ Case number _____
                                     MM / DD / YYYY

Debtor **Corporate Air, LLC**
Name

Case number (*if known*)_____

| | | |
|---|---|---|
| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ☐ No<br>✔ Yes. Debtor **See Rider 1**  Relationship **Affiliate**<br>District **Western District of Pennsylvania**  When **09/29/2025**<br> MM / DD / YYYY<br>Case number, if known _____ |
| 11. | **Why is the case filed in *this district*?** | *Check all that apply:*<br>✔ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ✔ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>  What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>    Number   Street<br>   _____<br>   City           State ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>    Contact name _____<br>    Phone _____ |

### Statistical and administrative information

| | | |
|---|---|---|
| 13. | **Debtor's estimation of available funds** | *Check one:*<br>✔ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| 14. | **Estimated number of creditors** | ☐ 1-49   ✔ 1,000-5,000     ☐ 25,001-50,000<br>☐ 50-99   ☐ 5,001-10,000    ☐ 50,001-100,000<br>☐ 100-199  ☐ 10,001-25,000   ☐ More than 100,000<br>☐ 200-999 |

| Debtor | Corporate Air, LLC | Case number (if known) |
|---|---|---|
| | Name | |

| 15. Estimated assets | ☐ $0-$50,000 | ✓ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ✓ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **09/29/2025**
MM / DD / YYYY

✗ **/s/ David Noletti**
Signature of authorized representative of debtor

**David Nolletti**
Printed name

Title **Chief Restructuring Officer**

**18. Signature of attorney**

✗ **/s/ Kevin Douglass**
Signature of attorney for debtor

Date **09/29/2025**
MM / DD / YYYY

**Kevin Douglass**
Printed name

**Babst, Calland, Clements and Zomnir, P.C.**
Firm name

**Two Gateway Center**
Number   Street

**Pittsburgh**        **PA**       **15222**
City                  State        ZIP Code

**(412) 394-5400**              **kdouglass@babstcalland.com**
Contact phone                   Email address

**47748**                       **PA**
Bar number                      State

| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: **Western District of Pennsylvania** (State) | |
| Case number *(if known)*: _____ Chapter __11__ | ☐ Check if this is an amended filing |

# Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed, or will file, a petition in the United States Bankruptcy Court for the Western District of Pennsylvania for relief under chapter 11 of title 11 of the United States Code. The Debtors are requesting joint administration of these cases under the case number assigned to the chapter 11 case of Corporate Air, LLC.

- Corporate Air, LLC
- Steel City Aviation, LLC
- Cheyenne, LLC
- Pittsburgh Flight Training Center, Inc.
- Steel City Aviation, Inc.
- CAM Investments, Inc.
- Schreiner Air Investments, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re | Chapter 11 |
| CORPORATE AIR, LLC, *et al.*, | Case No. 25- |
| Debtors. | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| CAM Investments, Inc. | 15 Allegheny County Airport<br>West Mifflin, PA  15122-2674 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| In re | Chapter 11 |
|---|---|
| CORPORATE AIR, LLC, | Case No. 25- |
| Debtors. | |

**CORPORATE OWNERSHIP STATEMENT**

    Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| CAM Investments, Inc. | 100% |

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name: **Corporate Air, LLC** | | |
| United States Bankruptcy Court for the District of **Delaware** | | ☐ Check if this is an amended filing |
| Case number (If known): | | |

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Francois Bitz<br>1640 Pleasant Hill Rd<br>Baden, PA 15005 | Att: Francois Bitz<br>Phone: 412-913-1244<br>Email: franciosbitz@gmail.com;<br>bitz@nauticom.net | Litigation | Contingent<br>Unliquidated<br>Disputed | | | $3,441,003.00 |
| 2 | Signature Energy<br>Attn: Joseph F Butcher, Counsel<br>13485 Veterans Way, Ste 600<br>Orlando, FL 32827 | Att: Joseph F Butcher<br>Phone: 412-281-8000<br>Email: butcher@zklaw.com | Litigation | Contingent<br>Unliquidated<br>Disputed | | | $887,280.18 |
| 3 | Imagine 280, LLC<br>Attn: John Kelly<br>1331 E Lake Dr<br>Ft Lauderdale, FL 33316 | Att: John Kelly<br>Phone: 412-913-0126<br>Email: jeklly5646@aol.com | Litigation | Contingent<br>Unliquidated<br>Disputed | | | $654,000.00 |
| 4 | American Express<br>Attn: Odstrchel E Martin, Counsel<br>115 W Towne Ridge Pkwy<br>Sandy, UT 84070 | Att: Odstrchel E Martin<br>Phone: 855-473-2550<br>Email: Customer.service@americanexpress.com; MOdstrchel@rauschstrum.com | Litigation | Contingent<br>Unliquidated<br>Disputed | | | $544,072.75 |
| 5 | Jim Manon<br>Union Trust Bldg<br>501 Grant St, Ste 200<br>Pittsburgh, PA 15219-4413 | Email: brian.simmons@bipc.com | Litigation | Contingent<br>Unliquidated<br>Disputed | | | $520,285.51 |
| 6 | 84 Lumber Co<br>Attn: Deja Glemba, Louis A DePaul<br>Rte 519<br>P.O. Box 8484<br>Eighty Four, PA 15330 | Att: Deja Glemba, Louis A DePaul<br>Email: Deja.Glemba@84lumber.biz;<br>ldepaul@eckertseamans.com | Litigation | Contingent<br>Unliquidated<br>Disputed | | | $461,966.00 |
| 7 | Honeywell Inc<br>Attn: Carlos Noriega<br>24004 Network Pl<br>Chicago, IL 60673-0349 | Att: Carlos Noriega<br>Phone: +526865960119<br>Email: carlos.noriega@honeywell.com | Trade Debt | | | | $373,682.19 |
| 8 | World Fuel Services Inc<br>Attn: Michael J Kasbar<br>2458 Paysphere Cir<br>Chicago, IL 60674-2458 | Att: Michael J Kasbar<br>Email: legalnotices@wfscorp.com | Trade Debt | | | | $354,933.27 |
| 9 | Ascent Aviation Group, Inc<br>Attn: Bart Budman, CFO<br>3000 Bayport Dr, Ste 470<br>Tampa, FL 33607 | Att: Bart Budman<br>Email: info@ascent1.com;<br>bbudman@ascentmro.com | Trade Debt | | | | $308,581.55 |
| 10 | James O'Donnell<br>Attn: Debbie Albright<br>10 Woodsworth Ct<br>Wayne, PA 19087 | Att: Debbie Albright<br>Email: jimodonnell253@gmail.com | Trade Debt | | | | $267,974.01 |

Official Form 204     Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims     Page 1 of 3

| | Debtor | Corporate Air, LLC | | Case number (if known) | | | |
|---|---|---|---|---|---|---|---|
| | | Name | | | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | Allegheny County Airport<br>Attn: Patricia Sparks-Epley, Counsel<br>12 Allegheny County Airport<br>W Mifflin, PA 15122 | Att: Patricia Sparks-Epley<br>Phone: 412-466-1275<br>Email: agcinfo@flypittsburgh.com;<br>psparks-epley@flypittsburgh.com | Trade Debt | | | | $184,543.73 |
| 12 | Gulfstream Aerospace Corp<br>Attn: Mayra Calzadilla Vieito, Deputy Counsel<br>P.O. Box 730349<br>Dallas, TX 75373-0349 | Att: Mayra Calzadilla Vieito<br>Email: info@gulfstream.com;<br>mayra.vieito@gulfstream.com | Trade Debt | | | | $178,224.26 |
| 13 | Pronto Transportation Llc<br>Attn: Raymond Pronto<br>Tower Two Sixty<br>260 Forbes Ave, Ste 1600<br>Pittsburgh, PA 15222 | Att: Raymond Pronto<br>Email: dnovakowski@courylp.com | Trade Debt | | | | $132,270.03 |
| 14 | Armada Supply Chain Solutions<br>Attn: David Brooks<br>645 Alpha Dr<br>Pittsburgh, PA 15238 | Att: David Brooks<br>Phone: 412-406-5700<br>Email: dbrooks@armada.net | Trade Debt | | | | $128,056.50 |
| 15 | Mednax<br>Attn: Stepehn Wietgrefe<br>1301 Concord Ter<br>Sunrsie, FL 33323 | Att: Stephen Wietgrefe<br>Email: mark_ordan@mednax.com | Trade Debt | | | | $115,700.00 |
| 16 | QAI Aviation, Inc<br>Attn: Mike Seber, VP<br>903 McKee Rd<br>White Oak, PA 15131 | Att: Mike Seber<br>Phone: 412-475-4724<br>Email: mikes@qai.aero;<br>Sales@qaiaviation.com | Trade Debt | | | | $97,249.34 |
| 17 | Muddy Creek Energy Investments<br>Attn: James Crockard<br>3935 Washington Rd<br>Canonsburg, PA 15317 | Att: James Crockard<br>Email: jcrockard@muddycreekenergy.com | Trade Debt | | | | $73,673.49 |
| 18 | James Bernier<br>4 Westmoreland Farms<br>Pittsburgh, PA 15215 | Phone: 412-445-9593<br>Email: Jsbernier@comcast.net | Trade Debt | | | | $45,084.53 |
| 19 | American Textile Co<br>Attn: Melissa Leroch<br>10 N Linden St<br>RIDC River Pl<br>Duquesne, PA 15110 | Att: Melissa Leroch<br>Email: mleroch@americantextile.com | Trade Debt | | | | $42,114.16 |
| 20 | Gogo Business Aviation, LLC<br>Attn: Crystal Gordon, General Counsel<br>111 N Canal St, Ste 1500<br>Chicago, IL 60606 | Att: Crystal Gordon<br>Email: connect@gogoair.com;<br>cgordon@gogoair.com | Trade Debt | | | | $37,315.94 |
| 21 | Summit Fire & Security<br>Attn: Douglas Higgins Jr<br>P.O. Box 855227<br>Minneapolis, MN 55485-5227 | Att: Douglas Higgins Jr<br>Phone: 412-313-7665<br>Email: dhiggins@summitfiresecurity.com | Trade Debt | | | | $36,950.18 |
| 22 | Folino Construction, Inc<br>109 Dark Hollow Rd<br>Oakmont, PA 15139 | Phone: 412-820-2800<br>Email: estimating@afolino.com | Trade Debt | | | | $34,634.01 |
| 23 | Grossman Yanak & Ford LLP<br>444 Liberty Ave, Ste 500<br>Pittsburgh, PA 15222 | Phone: 412-338-9300<br>Email: cpas@gyf.com | Trade Debt | | | | $34,000.00 |

Official Form 204  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims  Page 2 of 3

| Debtor | Corporate Air, LLC | | Case number *(if known)* | | | |
|---|---|---|---|---|---|---|

| | **Name of creditor and complete mailing address, including zip code** | **Name, telephone number, and email address of creditor contact** | **Nature of the claim** (for example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent, unliquidated, or disputed** | **Amount of unsecured claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24 | Precision Recruiting Solutions Group<br>Attn: AJ Ray, Owner<br>3919 William Penn Hwy, Ste 200<br>Murrysville, PA 15668 | Att: AJ Ray<br>Phone: 412-310-5828<br>Email: info@prsgllc.com;<br>ajray@prsgllc.com | Trade Debt | | | | $31,001.11 |
| 25 | Greenwood Point Int'l, LLC<br>4109 N Randolf Ct<br>Arlington, VA 22207 | | Trade Debt | | | | $28,500.00 |
| 26 | Supporting Strategies<br>Attn: Chris Pentrack<br>100 Cummings Ctr, Ste 270P<br>Beverly, MA 01915 | Att: Chris Pentrack<br>Phone: 412-226-0080<br>Email:<br>cpentrack@supportingstrategies.com;<br>info@supportingstrategies.com | Trade Debt | | | | $27,500.00 |
| 27 | Boeing Digital Solutions, Inc<br>P.O. Box 840864<br>Dallas, TX 75284-0864 | Email: support@jeppesen.com | Trade Debt | | | | $22,628.69 |
| 28 | US Chamber of Commerce<br>1615 H St NW<br>Washington, DC 20062-2000 | Phone: 202-659-6000<br>Email: CKanuch@uschamber.com | Trade Debt | | | | $21,620.53 |
| 29 | Aviall Services, Inc<br>P.O. Box 842267<br>Dallas, TX 75284-2267 | Email:<br>bdicustomersupport@aviall.com | Trade Debt | | | | $17,928.01 |
| 30 | Morgan O'Brien<br>375 N Shore Dr, Ste 600<br>Pittsburgh, PA 15212 | Att: Morgan O'Brien<br>Phone: 412-713-2474<br>Email:<br>Morganobrien2020@gmail.com | Trade Debt | | | | $15,607.31 |

| Official Form 204 | Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims | Page 3 of 3 |
|---|---|---|

| Fill in this information to identify the case and this filing: | | |
|---|---|---|
| Debtor Name | **Corporate Air, LLC** | |
| United States Bankruptcy Court for the: | **Western District of Pennsylvania** | |
| | | (State) |
| Case number (If known): | | |

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ■ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **09/29/2025**            ☒ */s/ David Nolletti*
              MM/ DD/YYYY                 Signature of individual signing on behalf of debtor

                                         **David Nolletti**
                                         Printed name

                                         **Chief Restructuring Officer**
                                         Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

Docusign Envelope ID: 57EA152A-07C6-4F78-9577-1CBAEEECBAE0

*Execution Version*

## RESOLUTIONS ADOPTED BY THE

### SOLE MEMBER
### OF EACH OF
### CORPORATE AIR, LLC
### STEEL CITY AVIATION, LLC
### and
### CHEYENNE, LLC

### MEMBERS AND MANAGERS OF
### SCHREINER AIR INVESTMENTS, LLC

### AND

### SOLE SHAREHOLDER AND THE SOLE DIRECTOR
### OF EACH OF
### CAM INVESTMENTS, INC.
### PITTSBURGH FLIGHT TRAINING CENTER, INC.
### and
### STEEL CITY AVIATION, INC.

### By Written Consent, dated September 28, 2025

The undersigned, being (a) the sole member ("**Sole Member**") of Corporate Air, LLC, a Pennsylvania limited liability company ("**Corporate Air**"), (b) the Sole Member of Steel City Aviation, LLC, a Pennsylvania limited liability company ("**Steel City**"), (c) Cheyenne, LLC, a Pennsylvania limited liability company ("**Cheyenne**"), (d) the members ("**Members**") and ("**Managers**") of Schreiner Air Investments, LLC, a Pennsylvania limited liability company ("**SAI**"), (e) the sole director (the "**Sole Director**") and the sole shareholder (the "**Sole Shareholder**") of CAM Investments, Inc., a Pennsylvania corporation ("**CAM**"), (f) the Sole Director and Sole Shareholder of Pittsburgh Flight Training Center, Inc., a Pennsylvania corporation ("**Flight Training**"), and (g) the Sole Director and Sole Shareholder of Steel City Aviation, Inc., a Pennsylvania corporation ("**Steel City Corp**", together with Corporate Air, Steel City, Cheyenne, SAI, CAM, Flight Training, collectively, the "**Companies**") each hereby take the following actions and adopt the following resolutions by written consent pursuant to each Company's bylaws or similar governing document (the "**Governing Agreement**") and the laws of the Commonwealth of Pennsylvania:

### Approval of Chapter 11 Filing

WHEREAS, the Boards, Members, Managers Sole Director and Sole Shareholder have reviewed and considered information regarding the financial situation of the Companies (as applicable), the strategic alternatives available to them, and the effect of the foregoing on the Companies' businesses;

WHEREAS, the Boards, Members, Managers, Sole Director and Sole Shareholder have had the opportunity to consult with the management and the legal and financial advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies; and

WHEREAS, the Boards, Members, Managers, Sole Director and Sole Shareholder have determined that the following resolutions and the actions, transactions and documentation contemplated thereby are

advisable and in the best interests of Companies, their respective interest holders, creditors, and other parties in interest.

NOW THEREFORE, BE IT RESOLVED, that in the judgment of the Boards, Members, Managers, Sole Director and Sole Shareholder, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest, that each of the Companies shall be, and hereby is, in all respects, authorized to file or cause to be filed a voluntary petition for relief commencing a case (such voluntary petitions to be filed by the Companies are collectively referred to herein as the "**Chapter 11 Cases**") under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "**Bankruptcy Court**") and to enter into any and all agreements in advance of the Chapter 11 Cases necessary to effectuate same, including but not limited to restructuring support agreements and asset purchase agreements; and

RESOLVED FURTHER, that David Nolletti the CRO (defined below) David Blanks and Aimee Rice as Senior Managers (defined below and with the CRO collectively, the "**Authorized Signatories**"), acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Companies all petitions, schedules, lists, and other motions, objections, replies, applications, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to (i) maintain the ordinary course operation of the Companies' businesses, (ii) maintain the current value of the Companies' assets, (iii) to assist the Companies in the Chapter 11 Cases and in carrying out their respective duties under the provisions of the Bankruptcy Code, and (iv) propose and seek approval of a chapter 11 plan of reorganization and related pleadings and documents necessary to effectuate the same.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**Cash Collateral, Debtor-In-Possession Financing, and Adequate Protection**

RESOLVED, that each Company will obtain benefits from (i) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"), which may be security for certain prepetition secured lenders (the "**Secured Lenders**"), and (ii) the incurrence of new money debtor-in-possession financing obligations by entering into that certain Subordinated Debtor-in-Possession Credit Agreement, by and among Vantage AGC, LLC, as lender and agent (the "**DIP Lender**") and the Companies, each as a borrower (the "**DIP Credit Agreement**" and together with such financing obligations, the "**DIP Facility**") to be documented in proposed interim and final orders (together, the "**DIP Orders**") to be submitted for approval of the Bankruptcy Court;

RESOLVED FURTHER, that in order to use and obtain the benefits of the DIP Facility and the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the Secured Lenders (the "**Adequate Protection Obligations**") as documented in the DIP Orders and submitted for approval to the Bankruptcy Court;

RESOLVED FURTHER, that the form, terms, and provisions of the DIP Agreement (including the borrowing of money, granting of liens on substantially all assets of the Companies, and the guaranty of obligations reflected therein), and the form, terms, and provisions of such other agreements, certificates, schedules, and instruments contemplated thereby (including the DIP Agreement, collectively, the "**DIP Documents**"), substantially in the forms received by or described to the undersigned, and each Company's execution, delivery and performance of its obligations under the DIP Documents, including without

limitation the grant of security interests under the DIP Documents, be, and hereby are, in all respects, approved, subject to approval by the Bankruptcy Court of the DIP Credit Agreement;

RESOLVED FURTHER, that the form, terms, and provisions of the DIP Orders to which the Companies are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of the Companies be, and hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Documents, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on the terms or substantially on the terms submitted to the Boards, Members, Managers, Sole Director and Sole Shareholder, as applicable, with such changes, additions, and modifications thereto as the officers of the Companies executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

RESOLVED FURHTER, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and obligations under the DIP Documents (the "**DIP Obligations**") and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "**DIP Transactions**"), including granting liens on their assets to secure the Adequate Protection Obligations and the DIP Obligations;

RESOLVED FURTHER, that each of the Authorized Signatories of the Companies be, and hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and (i) execute the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by any agent under the or the DIP Documents (each, an "**Agent**"); and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents and perform or cause the Companies to perform the obligations thereunder; (ii) grant and continue to grant liens on its property as set forth in the DIP Documents and to take such further action to maintain and perfect such liens and otherwise as necessary to effect the purposes of the DIP Documents, including, without limitation, to pledge and deliver stock certificates and promissory notes and to execute and deliver any and all certificates, intellectual property security agreements, and (iii) guarantee obligations, as applicable, pursuant to the DIP Documents and the terms of the DIP Facility;

RESOLVED FURTHER, that each of the Authorized Signatories of the Companies be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies to file or to authorize the Agents to file any Uniform Commercial Code ("**UCC**") financing statements, mortgages, assignments, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Companies that the Agents deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages, assignments, and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the DIP Orders; and

RESOLVED FURTHER, that each of the Authorized Signatories of the Companies be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, to arrange for, negotiate and enter into supplemental agreements, amendments, instruments, certificates, consents or documents relating to the transactions contemplated by any of the DIP Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates, consents or documents in the name and on behalf of each Company, which shall in their sole judgment be necessary, proper, or advisable to perform each Company's obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

### Retention of Professionals

RESOLVED, that each of the Authorized Signatories be, and hereby are, authorized, empowered, and directed to employ on behalf of the Companies: (a) the law firm of Klehr Harrison Harvey Branzburg LLP as general bankruptcy counsel; (b) the law firm of Babst, Calland, Clements and Zomnir, P.C. as co-bankruptcy counsel, corporate and regulatory counsel; (c) the following individuals from Riveron Management Services, LLC ("**Riveron**") in the respective capacities: (i) David Noletti, as Chief Restructuring Officer ("**CRO**"), (ii) David Blanks and Aimee Rice as Senior Restructuring Manages (collectively, the "**Senior Managers**"); (d) Riveron as financial advisor; (e) Omni Agent Solutions, Inc., as noticing, claims and solicitation agent; and (f) any other legal counsel, investment bankers, accountants, financial advisors, restructuring advisors, or other professionals any of the Authorized Signatories deem necessary, appropriate, or advisable, each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any motions, objections, replies, applications, pleadings, or responses); and in connection therewith, each of the Authorized Signatories, with the power of delegation, is, and hereby are authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

### General

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, the Authorized Signatories (and their designees and delegates), either individually or as otherwise required by each Company's governing documents and the applicable laws of the state or country of incorporation or formation, as applicable, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of each Company relating to the foregoing;

RESOLVED FURTHER, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company to take or cause to be taken any all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatories absolute discretion,

shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED FURTHER, that the Boards, Members, Managers, Sole Director and Sole Shareholder have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by each Company's governing documents, or hereby waives any right to have received such notice;

RESOLVED FURTHER, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of such Company;

RESOLVED FURTHER, that, to the extent any Company serves as the governing body (the "**Controlling Party**") of any other Company (the "**Controlled Company**"), each of the Authorized Signatories of the Controlling Party, any one of whom may act without the joinder of any of the others, be, and hereby is, authorized and empowered, in the name and on behalf of the Controlling Party, to take all of the actions on behalf of such Controlled Company that each of the Authorized Signatories is herein authorized to take on behalf of such Controlling Party; and

RESOLVED FURTHER, that any of the Authorized Signatories (and their designees and delegates) be, and each of them hereby is, authorized to do all such other acts, deeds and other things as each Company itself may lawfully do, in accordance with each Company's Governing Agreements and the applicable laws of the Commonwealth of Pennsylvania, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

The actions taken by this consent shall have the same force and effect as if taken at a special meeting of the Boards, Members, Managers, Sole Director and Sole Shareholder, as applicable, of the Companies, in each case, duly called and constituted pursuant to the Governing Agreement of such Company and the laws of the Commonwealth of Pennsylvania.

This consent may be executed in two or more counterparts (including by means of facsimile, electronic or comparable method), each of which shall be deemed an original and together constitute one and the same consent.

\*   \*   \*   \*   \*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

**SOLE DIRECTOR OF
CAM INVESTMENTS, INC.
PITTSBURGH FLIGHT TRAINING CENTER, INC.
STEEL CITY AVIATION, INC.**:

*/s/ Mark Schreiner*
_____
Mark Schreiner

**SOLE SHAREHOLDER OF
CAM INVESTMENTS, INC.
PITTSBURGH FLIGHT TRAINING CENTER, INC.
STEEL CITY AVIATION, INC.**:

*/s/ Mark Schreiner*
_____
Mark Schreiner

**SOLE MEMBER OF EACH OF**

**CORPORATE AIR, LLC
STEEL CITY AVIATION, LLC
CHEYENNE, LLC**

*/s/ Mark Schreiner*
_____
Mark Schreiner

**MEMBERS OF SCHREINER AIR INVESTMENTS, LLC:**

*/s/ Mark Schreiner*
_____
Mark Schreiner

*/s/ Laura Schreiner*
_____
Laura Schreiner

**MANAGERS OF SCHREINER AIR INVESTMENTS, LLC:**

*/s/ Mark Schreiner*
_____
Mark Schreiner

*Signature Page to Joint Written Consent*

Docusign Envelope ID: 57EA152A-07C6-4F78-9577-1CBAEEECBAE0

DocuSigned by:

*Laura Schreiner*

65DD12D08DCC4C0...

Laura Schreiner