**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re<br><br>CORPORATE AIR, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-22602-JCM<br><br>(Jointly Administered) |
| CORPORATE AIR, LLC, *et al.,*<br><br>Movant,<br><br>v.<br><br>NO RESPONDENT,<br><br>Respondent. | **Related to Dkt. Nos.**:<br><br>**Hearing**:<br><br>**Response Deadline**: |

## MOTION FOR ENTRY OF AN ORDER AND FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES

Corporate Air, LLC, and its debtor affiliates, as reorganized debtors and debtors in possession (collectively, the "Reorganized Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, file this *Motion for Entry of Final Decree Closing Certain of the Chapter 11 Cases* (the "Motion"), for entry of an order and final decree, substantially in the form attached hereto as **Exhibit A** (the "Proposed Final Decree"): (i) authorizing the Reorganized Debtors to close all of the Chapter 11 Cases (the "Closed Cases," with such Debtors collectively being the "Closed Debtors"), other than the Chapter 11 Case of Debtor Corporate Air, LLC, Case No. 25-22602-JCM (the "Remaining Lead Debtor," with its chapter 11 case being the "Remaining Lead Case"); (ii) providing that, subsequent to the entry of

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Corporate Air, LLC (4224); Steel City Aviation, LLC; Cheyenne, LLC (0992); Pittsburgh Flight Training Center, Inc. (8968); Steel City Aviation, Inc. (5763); CAM Investments, Inc. (3980); and Schreiner Air Investments, LLC (8852). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 15 Allegheny County Airport, West Mifflin, PA 15122.

the Proposed Final Decree, any pending or future matters regarding the Closed Cases shall be addressed and administered in the Remaining Lead Case; (iii) amending the caption in the Remaining Lead Case; (iv) waiving the requirement to file further post-confirmation reports in the Closed Cases; and (v) providing that, following the entry of the Proposed Final Decree, the obligation to pay Statutory Fees (as defined herein) shall be limited to the Remaining Lead Debtor for the Remaining Lead Case. In support thereof, the Reorganized Debtors state as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of Pennsylvania (the "Local Rules").

## BACKGROUND

3. On September 29, 2025 (the "Petition Date"), the Debtors each filed voluntary petitions under chapter 11 of the Bankruptcy Code.

4. By order dated October 1, 2025, the Court approved the joint administration of the above-captioned cases at Case No. 25-22602-JCM [Doc. No. 56].

5. The Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

7. On December 10, 2025, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Corporate Air, LLC* [Doc. No. 347] (the "Plan").

8. On December 15, 2025, the Court entered an order confirming the Plan [Doc. No. 358] (the "Confirmation Order") and approving all supplements thereto, including the Trust Agreement,[2] which established the Corporate Air Litigation Trust (the "Trust").

9. On January 2, 2026 (the "Effective Date"), the Plan became effective and substantially all of the Debtors' assets were transferred to the Reorganized Debtors to be administered in accordance with the terms of the Plan. *See Notice Regarding Occurrence of the Effective Date of the Second Amended Chapter 11 Plan* [Doc. No. 390].

10. Following the Effective Date, the Reorganized Debtors are authorized to "promptly after the full administration of the Chapter 11 Cases, File with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 and any applicable order necessary to close the Chapter 11 Cases." Plan, Art. XII.L.

11. On the Effective Date, the Trust Assets were transferred to the Trust and the New Common Equity and FAA Seller Equity were transferred to the Prepetition Secured Lenders and DIP Secured Parties, as applicable.

12. The Plan provides, among other things, "for the limited substantive consolidation of the Debtors' Estates, but solely for the purposes of the Plan, including voting on the Plan by the Holders of Claims and making any Distributions to Holders of Claims." Plan, Art. I.G. Article I.G of the Plan further provides that, on the Effective Date:

(i) all assets and liabilities of the Debtors will, solely for voting and Distribution purposes, be treated as if they were merged;

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

(ii) each Claim against the Debtors will be deemed a single Claim against and a single obligation of the Debtors;

(iii) any Claims filed or to be filed in the Chapter 11 Cases will be deemed single Claims against all of the Debtors;

(iv) all guarantees of any Debtor of the payment, performance, or collection of obligations of any other Debtor shall be eliminated and canceled;

(v) all transfers, disbursements and Distributions on account of Claims made by or on behalf of any of the Debtors' Estates hereunder will be deemed to be made by or on behalf of all of the Debtors' Estates; and

(vi) any obligation of the Debtors as to Claims will be deemed to be one obligation of all of the Debtors.

*Id.*

13. As a result, the Reorganized Debtors believe that the following Chapter 11 Cases of the Closed Debtors may be closed at this time:

a. Steel City Aviation, LLC, Case No. 25-22603-JCM;

b. Cheyenne, LLC, Case No. 25-22604-JCM;

c. Pittsburgh Flight Training Center, Inc., Case No. 25-22605-JCM;

d. Steel City Aviation, Inc., Case No. 25-22606-JCM;

e. CAM Investments, Inc., Case No. 25-22607-JCM; and

f. Schreiner Air Investments, LLC, Case No. 25-22608-JCM.

## RELIEF REQUESTED

14. The Reorganized Debtors request that this Court enter an order (i) authorizing the Reorganized Debtors to close all of the Closed Cases other than the Remaining Lead Case; (ii) providing that, subsequent to the entry of the Proposed Final Decree, any pending or future matters regarding the Closed Cases shall be addressed and administered in the Remaining Lead Case; (iii) amending the caption in the Remaining Lead Case; (iv) waiving the requirement to file further post-confirmation reports in the Closed Cases; and (v) providing that, following the entry of the

Proposed Final Decree, the obligation to pay Statutory Fees (as defined herein) shall be limited to the Remaining Lead Debtor for the Remaining Lead Case.

15. The Reorganized Debtors propose that the caption for the Remaining Lead Case be amended and provide as follows:

| | |
|---|---|
| In re<br><br>Corporate Air, LLC,<br><br>Reorganized Debtor.[1] | Chapter 11<br><br>Case No. 25-22602-JCM |

1. The last four digits of Reorganized Debtor Corporate Air, LLC's tax identification number are 4224. The location of the Reorganized Debtor's principal place of business and service address in this chapter 11 case is 15 Allegheny County Airport, West Mifflin, PA 15122.

**BASIS FOR RELIEF**

16. Bankruptcy Code section 350(a) provides that the Court shall close a case after the estate has been fully administered. 11 U.S.C. § 350(a). In addition, Bankruptcy Rule 3022 provides that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

17. Local Rule 3022-1(a) provides that "[t]he agent designated to administer the plan, or if none then the plan proponent, shall file and serve on all parties in interest a motion for final decree within the time period set forth in the confirmation order." Pursuant to Local Rule 3022-1(b), a copy of Local Bankruptcy Form 14 is attached hereto as **Exhibit B**.

18. Furthermore, section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

19. The 1991 Advisory Committee Note to Bankruptcy Rule 3022 lists the following factors to be considered in determining whether a case has been fully administered:

a. whether the order confirming the plan of reorganization has become final;

b. whether deposits required by the plan of reorganization have been distributed;

c. whether property proposed by the plan of reorganization to be transferred has in fact been transferred;

d. whether the debtor has assumed the business addressed by the plan of reorganization;

e. whether payments under the plan of reorganization have commenced; and

f. whether all motions, contested matters and adversary proceedings have been finally resolved.

*See* Fed. R. Bankr. P. 3022, Advisory Committee Note (1991).

20. Here, the estates of the Closed Debtors have been fully administered, and no purpose would be served in keeping those Chapter 11 Cases open any longer. Pursuant to Article I.G of the Plan, all of the assets, including any cash in the Debtors' bank accounts, and liabilities of the Closed Debtors' estates have already been consolidated into the Remaining Lead Debtor's estate for purposes of the treatment of such Claims and Distributions, which will be administered and reconciled, as appropriate, under the Remaining Lead Case. Moreover, the Confirmation Order does not establish a time period in which a motion for a final decree be filed.

21. In addition, all of the factors noted above weigh in favor of closing the Closed Cases or do not apply:

- The Confirmation Order, which approved and effected a consolidation of all Claims against the Closed Debtors for purposes of Distribution, has become a final order, and the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code;

- The Closed Debtors were not required by the Plan to distribute any deposits;
- All property of the Closed Debtors to be transferred under the Plan has been transferred to the Prepetition Secured Lenders, DIP Secured Parties, or Trust, as applicable. As noted, the Plan resulted in the administrative consolidation on the Effective Date of the Closed Debtors' assets and liabilities for the purposes of Claim treatment and Distributions, which will be administered through the Remaining Lead Case;
- By operation of the confirmed Plan, all Claims filed, or to be filed, in connection with any obligations of the Closed Debtors are deemed to be Claims against the Remaining Lead Debtor for the purposes of Claim treatment and Distributions. In addition, each Holder of a Claim is entitled to a single recovery regardless of whether it filed proofs of claims against multiple Debtors. As such, all Claims against the Closed Debtors can and will be administered on a consolidated basis pursuant to the Plan;
- The Reorganized Debtors have assumed management and operation of the reorganized businesses, as applicable;
- On the Effective Date, the New Common Equity and FAA Seller Equity were distributed to the Prepetition Secured Lenders and DIP Secured Parties, as applicable. The Reorganized Debtors have also made Distributions to Holders of Class 2 Other Secured Claims; and
- While the Reorganized Debtors continue to work to resolve certain cure disputes in the ordinary course, there are no other motions, applications,

contested matters, or adversary proceedings remaining in the Chapter 11 Cases.[3]

22. Review of these factors demonstrates there is nothing material outstanding in the Closed Cases and, thus, no reason to keep them open.

23. Consideration of these factors also demonstrates that entry of a final decree closing the Closed Cases will not adversely affect the substantive rights of any party in interest. *See In re Clayton*, 101 F.3d 697, 1996 WL 661099, at *1 (5th Cir. 1996) ("[E]ntry of a final decree is merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act which was never designed to determine with finality the substantive rights of parties involved in a Chapter 11 Case.") (quoting *Greater Jacksonville Transp. Co. v. Willis (In re Greater Jacksonville Transp. Co.*), 169 B.R. 221, 224 (Bankr. M.D. Fla. 1994)); *see also In re Gould*, 437 B.R. 34, 38 (Bankr. D. Conn. 2010) (noting that a final decree "simply delineates on the docket that the case is closed; it represents the administrative conclusion of the case for recording keeping purposes."). Closing the Closed Cases will have no impact on the resolution of any remaining Claims or Distributions, other legal entitlements under the Plan, or the substantive rights of any party-in-interest.

24. Additionally, under the circumstances, closing the Closed Cases is an appropriate use of the Court's equitable powers under section 105 of the Bankruptcy Code. Closing those cases will relieve the Court, the U.S. Trustee ("UST"), and the trustee of the Trust (the "Trustee") from the burden of continuing to monitor and separately administer cases that are inactive. The closing of the Closed Cases will also alleviate the burden of having to pay the relevant quarterly

[3] The mere possibility that the Court's jurisdiction may be invoked in the future does not mean that the Court should keep the case open. *See Weaver v. Tex. Capital Bank (In re SL Mgmt., LLC*), No. 09-04254, 2010 Bankr. LEXIS 1074, at *10-11 (Bankr. N.D. Tex. Mar. 30, 2010) (noting that the Advisory Committee Note does not require that all claims be paid before a case is considered "fully administered").

fees under 28 U.S.C. § 1930 (the "Statutory Fees") in cases that no longer serve any purpose. *See In re A.H. Robins Co., Inc.*, 219 B.R. 145, 149 (Bankr. E.D. Va. 1998) (finding that "the obligation to pay UST fees terminates upon closure, dismissal, or conversion of a Chapter 11 case, and will not be paid ad infinitum").

25. No beneficial purpose would be served by further reporting in each of the Closed Cases. On the Effective Date, the estates of the Debtors were consolidated for purposes of voting, confirmation, Claim treatment, and Distribution. The administration of the assets and liabilities of the Closed Debtors will occur in the Remaining Lead Case. Consequently, only one such quarterly report needs to be filed as no further reportable activity will occur in the Closed Cases.

26. Accordingly, the requirement of further post-confirmation reporting by the Closed Debtors in the Closed Cases should be waived, and all further reporting concerning the administration of the assets and liabilities of those Debtors should occur on a consolidated basis in the Remaining Lead Case.

27. Moreover, given the consolidation of the Debtors' estates for voting, Claim treatment, and Distribution purposes pursuant to Article I.G of the Plan, amending the caption to reflect the Remaining Lead Debtor as the sole remaining debtor will not adversely affect the administration of the Chapter 11 Cases or prejudice any party in interest in the Claims reconciliation process or the like.

## NOTICE

28. The Reorganized Debtors will provide notice of this Motion to the UST, counsel to the Trust, and any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice is required.

WHEREFORE, the Reorganized Debtors respectfully request that this Court enter the Proposed Final Decree, substantially in the form attached hereto as **Exhibit A**: (i) closing the Closed Cases; (ii) providing that, subsequent to the entry of the Proposed Final Decree, any pending or future matters regarding the Closed Cases shall be addressed and administered in the Remaining Lead Case; (iii) amending the caption in the Remaining Lead Case; (iv) waiving the requirement to file further post-confirmation reports in the Closed Cases; (v) providing that, following the entry of the Proposed Final Decree, the obligation to pay Statutory Fees shall be limited to the Remaining Lead Debtor for the Remaining Lead Case; and (vi) granting such other and further relief as may be just and proper.

Dated: November 2, 2026

*/s/ Kirk B. Burkley*
Kirk B. Burkley (PA Bar No. 89511)

**WH BURKLEY, LLP**
601 Grant Street, 9th Floor
Pittsburgh, Pennsylvania 15222
Telephone: (412) 456-8100
Email: kburkley@bernsteinlaw.com
P. 412-456-8100
F. 412-456-8135

*-and-*

Jeffrey L. Cohen (admitted *pro hac vice*)
Gianfranco Finizio (admitted *pro hac vice*)
Jake A. Rauchberg (PA Bar No. 333751)
**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas, 17th Floor
New York, NY 10020
Telephone: (212) 262-6700
Email: jcohen@lowenstein.com
gfinizio@lowenstein.com
jrauchberg@lowenstein.com

*Counsel to the Reorganized Debtors*